380

**COWDERY, Plaintiff-Appellee, v. HARBOR CONSTRUCTION CO., INC., Defendant-Appellant.**

Ohio Appeals, Seventh District, Lake County.

No. 464. Decided September 13, 1948

S. C. Copperman, Painesville, for defendant-appellant.
T. R. Beckwith and Giblin & Giblin, Painesville, for plaintiff-appellee.

## OPINION

By PHILLIPS, J.

Defendant appealed to this court on "questions of law from a judgment rendered by the Court of Common Pleas in the above entitled cause on the 3rd day of June, 1948", which judgment was journalized as follows:—

"This cause came on to be heard this 3rd day of June, 1948, upon the motion of the plaintiff to the defendant's answer and cross petition for an order of the Court to strike certain matters from the defendant's answer set forth in paragraphs numbered one through three of said motion and for an order of the Court to require the defendants to separately state and consecutively number the alleged several causes of action in defendant's cross petition; and upon due consideration thereof, the Court finds said motion well-taken in all respects and therefore sustains the same. It is therefore ordered and adjudged that the defendant amend his answer and cross petition in the respects set forth in said motion. Exceptions

noted for defendant. Defendant is given leave to amend on or before June 24, 1948."

Subsequently the judge of that court caused the following entry to be journalized: —

"This cause came on to be heard this 22nd day of June, 1948, upon the defendant's application for an order vacating the order of the Court heretofore rendered herein under date of June 3, 1948; and upon due consideration of said motion, the Court finds the same not well-taken and therefore overrules said motion. Defendant is given leave to amend its answer and cross-petition in accordance with the order of the Court of June 3, 1948, on or before July 13, 1948. Exception noted for defendant."

A perusal of the transcript of the docket and journal entries and all the papers submitted to us for review fails to disclose that defendant amended its "answer and cross petition" in accordance with the leaves granted by the trial judge nor elected not to plead further.

Plaintiff filed a motion in this court "to dismiss the alleged appeal herein for the reason that there is no final order involved herein", and now we proceed to dispose of that motion.

A final order is defined by §12223-2 GC, as amended effective September 30, 1947, as:—

"An order affecting a substantial right in an action when in effect it determines the action and prevents a judgment, or an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial, is a final order which may be reviewed, affirmed, modified or reversed, with or without retrial, as provided in this title.

"When a court makes such order granting a new trial, setting aside or vacating such judgment, the court upon the request of either party, shall state in the order the grounds upon which the new trial is granted and the judgment vacated or set aside."

Tested by the definition of a final order we are satisfied that the order appealed from in this case lacks the char-

acteristics of finality for the reason that it does not determine the action and prevent a judgment.

Accordingly the appeal is hereby dismissed.

CARTER, PJ, NICHOLS, J, concur in judgment.